Henries and Kennedy *ads.* Stiers.

evidence and objected to, because kept legerwise, and because from the face of the book it appeared that the charges were all made at one time and with the same ink. The plaintiff in error now moved for a rule on the plaintiff below, to produce the book to this court, to be used on the argument of the bill of exceptions.

THE COURT said that if the book was referred to in the bill of exceptions they would grant the rule.

---

JOSEPH P. HENRIES and ——— KENNEDY *ads.* HENRY STIERS.

1. In an action of debt on bond for the performance of an award if the declaration sets out the award and breach, and the plea merely denies the award, it should conclude "to the country."

2. But a conclusion with a verification in this case, can only be taken advantage of on special demurrer.

3. If a plaintiff assign one breach in his declaration and a different breach in his replication, this is a departure.

---

This was an action of debt upon bond, with condition to perform an award. The plaintiff set out in his declaration the bond, the condition, and the award, and then assigned a single breach. The defendants denied the making of an award and concluded with a verification. The plaintiff replied setting out the award *de novo* and then assigned a breach different from that set forth in the declaration. To this replication the defendants demurred specially.

*Vroom*, for defendants, shewed for cause of demurrer and contended.—1st. That the replication was an unnecessary departure from the declaration.—*Co. Lit.* 304, *a*, 2 *Saund.* 84 *a.*—2d. That the replication ought to have concluded to the country, 5 *Com. Di. Plead. F* 5, *Doug. Rep.* 195; *T. Ray. Rep.* 94, 5; *Morgan* v. *Mann*.

29

*Clark* and *Scudder contra*.—The CHIEF JUSTICE having been concerned as counsel in this cause gave no opinion.

The opinion of the Court was delivered by

FORD, J.—This is an action of debt upon bond, with condition to perform an award. The plaintiff sets out in his declaration the bond, condition, and an award made, and then assigns a single breach. The defendants deny the making of an award, and conclude with a verification. The plaintiff's replication sets out the award *de novo*, and then assigns a *different* breach; and to this replication there is a special demurrer.

The intent of pleading is to arrive at an issue, or single fact, asserted on one side and denied on the other, which may decide the merits of the cause. The plaintiff in his declaration might, in the usual way, have set out the obligation and no more; but it was neither wrong, nor perhaps uncommendable in him, as the shorter way, to set out the whole matter at once; he had an election to do so, or else to set out the award and breach in his replication; therefore the declaration in this respect is unexceptionable.

The first error manifestly occurs in the plea; wherein the whole defence is a denial of the award asserted in the declaration; and as this denial of a material point amounted to a traverse, the defendant ought to have concluded to the country, and not as he has done, with a verification. Such conclusion is altogether *informal*, and would have renderd the plea vicious upon special demurrer. But the error was not one in substance, it was *mere form*, and if the plaintiff did not choose to take advantage of it, he had a right to overlook it, and to present the award and breach anew in the replication, and give the defendant a further opportunity to deny the award and conclude to the country, as he should have done at first. But in presenting the matter anew, the plaintiff must not depart from his former

cause of action.  If when one cause of action is answered, the plaintiff may fly to another; or when one defence is answered, the defendant may resort to another, which are called departures in pleading, there might be no possibility of ever fixing an issue.  Now here the plaintiff alleges one breach in the declaration and when that is answered, he adds another in the replication.  This is manifestly a departure, and the replication for this cause must be set aside.